UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANIEL J. O'FRIEL and**
**ESTHER R. O'FRIEL,**

                    **Plaintiffs,**                                    CASE NO.

v.

**NEW PENN FINANCIAL, LLC d/b/a**
**SHELLPOINT MORTGAGE SERVICES,**            **JURY TRIAL DEMANDED**
**a limited liability company,**

                    **Defendants.**
_____/

## CLASS ACTION COMPLAINT

Plaintiffs, Daniel J. O'Friel and Esther R. O'Friel ("Plaintiffs"), by and through

their undersigned attorneys, hereby file this Class Action Complaint against Defendant,

New Penn Financial, LLC d/b/a Shellpoint Mortgage Services, LLC ("Defendant"), and

states as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs defaulted on a mortgage debt that was being serviced by

Defendant.  Plaintiffs filed for bankruptcy and listed the debt alleged to be owed in their

bankruptcy.

2.      Defendant had actual knowledge that Plaintiffs filed for bankruptcy and

received a discharge of the debt.  Nevertheless, Defendant continued attempting to collect

the debt and demanded payment from Plaintiffs.

1

3.     Plaintiffs seeks damages, costs and attorney's fees, and a declaratory judgment from Defendant for the above violations.

## JURISDICTION AND VENUE

4.     Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiffs bring, among other claims, claims under the TCPA, 47 U.S.C. § 227 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the United States Bankruptcy Code. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

5.     Federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), as the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a state different from Defendant.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

7.     Plaintiffs, Daniel J. O'Friel and Esther R. O'Friel are natural persons who reside in Sarasota County, Florida. Plaintiffs are "consumers," as that term is defined by 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(2).

8.     Defendant, New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing, LLC, is incorporated in Delaware, does business in the State of Florida, is a "creditor" as

that term is defined by Fla. Stat. § 559.55(5), and is a "debt collector" as that term is defined by Fla. Stat. § 559.55(7).

9.     All conduct alleged herein by Plaintiffs was authorized, approved and/or ratified by one or more officers, directors, or managers of the Defendant.

10.     The Defendant's communications set forth below are wholly without excuse.

11.     At all times mentioned herein, the agent(s) or employee(s) of Defendant were acting within the course and scope of such agency or employment and were acting with the consent, permission, and authorization of Defendant.

<u>**CLASS ACTION ALLEGATIONS**</u>

12.     Plaintiffs bring this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on their own behalf and on behalf of all other similarly-situated consumers in the Middle District of Florida who:  filed a bankruptcy, surrendered their home in the bankruptcy proceedings, obtained a discharge, and after they received the discharge, received communications, including billing statements, related to the discharged mortgage from or on behalf of Defendant on or after April 1, 2013 (the "Bankruptcy Class").

13.     Further, Plaintiffs also bring this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on their own behalf and on behalf of all other similarly-situated individuals within the United States who received any telephone call from Defendant to their cellular telephone made through the use of any automatic telephone dialing system or an artificial prerecorded voice, within four years of the filing of this Complaint (the "TCPA Class"). Plaintiffs also represents, and is a member of a subclass (the "Revocation Subclass") (collectively with the TCPA Class, the "Class") consisting of all individuals in

the United States who, within four years of the filing of this Complaint, received any telephone call from Defendant to their cellular telephone made through the use of any automatic telephone dialing system or an artificial prerecorded voice, and who had previously revoked consent to receive such cellular telephone calls in any reasonable manner.

### *Numerosity*

14.     The class is so numerous that joinder of all members is impracticable. Plaintiffs estimate the Class has approximately 10,000 members.

### *Commonality*

15.     There are questions of law and fact that are common to the Class and which predominate over questions affecting any individual Class member. Specifically, these common questions of law and fact include, without limitation, (1) whether Defendant violated the FCCPA, Fla. Stat. § 559.72(7) and (9); (2) whether Defendant violated the TCPA; (3) whether Defendant violated the Bankruptcy Court's order under 11 U.S.C. § 105(a); and (4) whether the Court should enter a Declaratory Judgment finding that Defendant violated the FCCPA and the discharge as well as order and enjoin Defendant from billing individuals who have obtained a discharge and disgorge any such ill-gotten gains. Also, all of the Class members reside in Florida, and received the same or substantially similar communications from Defendant as described below.

### *Typicality*

16.     Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interest adverse or antagonistic to the interests of other members of the Class.

*Adequacy of Class Representation*

17.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

*Predominance of Common Questions*

18.     The common questions set forth in Paragraphs 12 and 13 predominate over any individual issues.

*Superiority of Class Resolution*

19.     A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein.  Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of the class action.

20.     A class action will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

21.     Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for Defendant's conduct.

22.     Absent a class action, the Class members will continue to have their rights violated and will continue to suffer monetary damages.

23.     Defendant's actions are generally applicable to the entire Class and accordingly, the relief sought is appropriate with respect to the entire Class.

## FACTUAL ALLEGATIONS

24.     Plaintiffs defaulted on the mortgage payment for their home located in North Port, FL, 34287 (the "Alleged Debt"). The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

25.     Plaintiffs filed for bankruptcy on October 31, 2007.  Case No.: 8:07-bk-10445-MGW, Doc.1.

26.     Plaintiffs surrendered and vacated any interest they had in the Property as part of their bankruptcy approximately in November 2007. The bankruptcy court entered a discharge as to the Alleged Debt on February 8, 2008. Case No.: 8:07-bk-10445-MGW, Doc.13.

27.     Defendant was made aware of Plaintiffs' bankruptcy. During one phone call a Shellpoint Mortgage Servicing customer service representative acknowledged Plaintiffs' bankruptcy, but proceeded to ask for payment anyway. Defendant therefore had actual knowledge of Plaintiffs' bankruptcy discharge. However, Defendant continued communications directly to Plaintiffs in attempts to collect the Alleged Debt.

28.     Defendant sent Plaintiffs collection letters and, when Plaintiffs did not respond, Defendant improperly mailed Plaintiffs' neighbors in attempts to collect money from Plaintiffs.

29.     Beginning on April 7, 2017, Defendant began calling Plaintiffs two days every week and up to two times each of those days.

30.     Plaintiffs told Defendant to stop calling and that they could not pay. Defendant continued to call Plaintiffs.

31.     After Plaintiffs told Defendant to stop calling, Defendant nevertheless left pre-recorded messages on Plaintiffs' cell phones in attempts to collect on the Alleged Debt.

32.     On May 18, 2017, Defendant sent Plaintiffs a "Notice of Default and Intent to Accelerate" which stated that Plaintiffs "must pay to bring the Loan current after 05/18/2017. This Notice of Default and Intent to Accelerate is attached as **Exhibit A**.

33.     On June 5, 2017, Defendant sent Plaintiffs a letter stating that Defendant "attempted to contact [Plaintiffs] by phone." The June 5, 2017 letter is attached as **Exhibit B**.

34.     On December 1, 2017, Defendant sent Plaintiffs a letter stating "[Defendant] did not have evidence that [Plaintiffs] had hazard insurance on the [North Port, Florida] property, [Defendant] bought insurance on [Plaintiffs'] property and added the cost to [Plaintiffs'] mortgage loan account." The December 1, 2017 letter also lists an annual premium for $1,409.76. A copy of the December 1, 2017 letter is attached as **Exhibit C**.

35.     By sending letters and calling Plaintiffs while knowing Plaintiffs had already received a bankruptcy discharge as to any obligations owed on the Property, Defendant violated the FCCPA, and the Bankruptcy Court's authority under 11 U.S.C. § 105(a).

36.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT

37.     This is an action against Defendant for violation of Fla. Stat. § 559.55 et seq.

38.     Plaintiffs re-allege and incorporate paragraphs 1 through 36, as fully set forth herein.

39.     Defendant communicated certain information to Plaintiffs as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

40.     Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7)     Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9)     Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

41.     Through the conduct described above, Defendant violated Fla. Stat. § 559.72, by among other things, continuing communication in an attempt to collect the Alleged Debt after the Alleged Debt was discharged by bankruptcy in a way that was both harassing as well as an attempt to collect a debt not owed by Plaintiffs.

42.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

43.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiffs for actual damages, statutory damages, and reasonable attorney's fees and costs.

44.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiffs are entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

45.     Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

WHEREFORE, Plaintiffs, on behalf of all others similarly-situated, respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiffs actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiffs any and all such further relief as is deemed necessary and appropriate.

## COUNT II

### VIOLATION OF THE TCPA BY DEFENDANT

46.     This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

47.     Plaintiffs re-allege and reincorporate paragraphs 1 through 36, as if fully set forth herein.

48. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtor.

49. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

50. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant placed calls to Plaintiffs' cell phone using an automatic telephone dialing system without Plaintiffs' express consent.

51. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiffs' cell phone utilizing an automatic telephone dialing system after Plaintiffs told Defendant that Defendant did not have permission to call Plaintiffs' cell phone.

52. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

53. As a result of the above violation of the TCPA, Defendant is liable to Plaintiffs for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

54. Based upon the willful, knowing, and intentional conduct of the Defendant as described above, Plaintiffs are also entitled to an increase in the amount of the award to treble the damages, in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiffs actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiffs any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## SANCTIONS FOR DISCHARGE INJUNCTION VIOLATIONS BY DEFENDANT

55.     This is an action against Defendant for violation of the Discharge Injunction.

56.     Plaintiffs re-allege and incorporate paragraphs 1 through 36, as if fully set forth herein.

57.     Plaintiffs' Discharge Order included a discharge of the Alleged Debt as to Plaintiffs, personally enjoining *in personam* collection of the debt.

58.     Defendant had actual knowledge of the Plaintiffs' bankruptcy.

59.     Nevertheless, Defendant attempted to collect the debt from Plaintiffs, which had been discharged.  Plaintiffs were not personally obligated to pay the debt after entry of the discharge order.

60.     Defendant's continued collection of the discharged debt with actual knowledge of the discharge, constitutes a sanctionable violation of the Discharge Injunction.  Defendant's conduct is the result of a policy to continue collection efforts after a debt is discharged.

61.    11 U.S.C. § 105(a) authorizes the use of a court's authority to utilize its equitable powers to enforce the Discharge Injunction, to grant monetary relief, and to enjoin acts in violation of the Discharge Injunction.

62.    As a result of the above violations of the discharge injunction, Defendant should be sanctioned.

WHEREFORE, Plaintiffs respectfully request this Court enter an order against Defendant: (1) finding that Defendant violated the Discharge Order and imposing sanctions against Defendant to punish Defendant for its violations, deter attempts to collect debts not owed, and deter future discharge injunction violations; and (2) awarding Plaintiffs any and all damages (including but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life) as well as attorneys' fees and costs.

## COUNT IV

## DECLARATORY JUDGMENT ACT – 28 U.S.C. § 2201 *et seq.*

63.    This is an action against Defendant under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

64.    Plaintiffs re-allege and incorporate paragraphs 1 through 36, as if fully set forth herein.

65.    Under the Declaratory Judgment Act, "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall

have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201.

66. Further, "necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

67. As detailed above, here, Plaintiffs obtained a mortgage and later filed for bankruptcy protection. Defendant was made aware of Plaintiffs' bankruptcy and therefore had actual knowledge that Plaintiffs had filed bankruptcy. Nevertheless, Defendant repeatedly sent billing correspondence to Plaintiffs, attempting to collect amounts not owed.

68. Because Plaintiffs obtained a bankruptcy discharge, Defendant has no legal right to collect any such amounts.

69. There is an actual controversy within the jurisdiction of this Court regarding whether Defendant's conduct in sending written communications that seek to collect money on a debt that was discharged in bankruptcy violates the discharge order in Plaintiff's bankruptcy case, and also violates the FCCPA. Thus, Plaintiff seeks a declaratory judgment as to Plaintiff's rights.

70. Plaintiffs believe that Defendant has sought and collected amounts for debts previously discharged against other individuals as well.

71. Plaintiffs therefore seek a declaratory judgment finding that Defendant's conduct violates the FCCPA and the discharge injunction.

72. Further, Defendant should be enjoined from collecting or seeking to collect debts previously discharged in bankruptcy.

73.     Moreover, Defendant should be required to disgorge all amounts collected from consumers who obtained discharges in bankruptcy as ill-gotten gains resulting from its illegal conduct.

WHEREFORE, Plaintiffs respectfully requests this Court enter a Declaratory Judgment in Plaintiffs' favor (1) finding that Defendant violated the Discharge Order; (2) finding that Defendant violated the FCCPA; (3) enjoining Defendant from seeking to collect amounts after a consumer obtains a bankruptcy discharge; (4) requiring Defendant to disgorge any amounts received from consumers who obtained a bankruptcy discharge and did not owe such amounts;  and (5) awarding Plaintiffs any and all damages (including but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life) as well as attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs are entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

14

Dated: March 13, 2018

**KYNES, MARKMAN & FELMAN, P.A.**

P.O. Box 3396
Tampa, Florida 33601
Phone:  (813) 229-1118
Fax:    (813) 221-6750

/s/ Katherine Earle Yanes
_____
**KATHERINE EARLE YANES, ESQ.**
Florida Bar. No. 658464
e-mail: kyanes@kmf-law.com

Respectfully Submitted,

**DUNLAP, BENNETT & LUDWIG,
PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:    (813) 336-0832

/s/ Gus M. Centrone
_____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@dbllawyers.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@dbllawyers.com
**Attorneys for Plaintiffs**